UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID PRICE,
An individual

  Plaintiff,

vs.

ALL STATE FINANCIAL COMPANY,
A Domestic Corporation

  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION

NO. 2:11-cv-02690

SECTION:  I (5)

## MEMORANDUM IN SUPPORT OF
## MOTION FOR MORE DEFINITE STATEMENT

**MAY IT PLEASE THE COURT:**

This memorandum is filed in support of the Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure filed by the defendant in the captioned matter.  Defendant respectfully suggests it is entitled to an Order requiring plaintiff amend its original Complaint, or file a more definite statement of the Complaint, for the following reasons:

Plaintiff filed the original Complaint in this action on October 27, 2011.  Plaintiff claims entitlement to relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et. seq.* (hereinafter referred to as the "ADA").

Your defendant, All State Financial Company, is the owner of certain real property and improvements which are the subject of this action known as Lafreniere Plaza, located at 6601 Veterans Memorial Blvd. in Metairie, Louisiana (the "Property").  Plaintiff complains that the defendant is obligated to comply with the ADA, and that the

322451-1

property is not in compliance with the same, as there are "barriers to access" on the property which make plaintiff's use and utilization of the goods and services on that property difficult.  (See Complaint, ¶¶11, 12, 13 and 14.)

Specifically, at ¶14 of the Complaint, plaintiff complains as follows:

> the following barriers to access which were personally observed and encountered by Plaintiff:

A.     inaccessible parking designated as accessible throughout Property due to excessive slopes and cross-slopes within the spaces;

B.     inaccessible parking designated as accessible due to ramps improperly placed in access aisles and, in some instances, lack of access aisles;

C.     inaccessible curb cuts due to excessive slopes with steep side flares and failure to provide smooth transitions;

D.     inaccessible sidewalks throughout the Property due to excessive slopes;

E.     inaccessible tenant entrances due to lack of door beveling; and

F.     inaccessible counters in tenant spaces throughout the facility due to excessive heights.

Complaint, ¶14.

The defendant, as owner of the subject property, has leases with numerous retail businesses who conduct business, independent of your defendant, with their customer base and the general public.  While most of those leases contain some similar language, several of the leases have different provisions and impose different, distinct obligations and duties on the lessee/tenants for, among other things, maintenance of their business premise, and compliance with federal and state law.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure, Rule 8(a) provides, in pertinent part, the "a pleading which sets forth a claim for relief > shall contain > a short and plain

statement of the claim *showing that the pleader is entitled to relief.*" (emphasis added). The statement must provide the defendant with fair notice of what the claim by the plaintiff is and the grounds upon which the claim rests. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed. 80 (1957) (emphasis added).

"The standard for evaluating a motion for more definite statement is whether the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *The Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D.La., 2006), citing to *Advanced Communications Technologies, Inc. v. Li*, No. 05 Civ.4628, 2005 WL 3215222 at *3 (S.D.N.Y. Nov. 30, 2005)(citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y. 1986).

While plaintiff's Complaint alleges violations of the ADA, ¶14E, which alleges "inaccessible tenant entrances due to lack of door beveling"; and ¶14F, which alleges "inaccessible counters in tenant spaces throughout the facility due to excessive heights," each fail to provide sufficient information as to exactly which tenant spaces allegedly contain these deficiencies.  Accordingly, the defendant is unable to adequately defend itself, or determine what claims it may potentially have against other parties who may be responsible to it or to plaintiff, if at all, in response to these allegations.

Simply put, without plaintiff identifying the specific tenants, and the location of the entrances and counters allegedly in violation of the ADA, the defendant cannot adequately defend itself against these allegations.  While the defendant is mindful that a motion for more definite statement "is inappropriate where the information sought can be otherwise obtained by discovery," and "is further disfavored when the particular

information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion, *id.* 235 F.R.D. at 633, citing to *Concepcion v. Bomar Holdings, Inc.*, 1990 WL 13257, at *2 (S.D.N.Y. 1990) (further citations omitted), the defendant does not know which of the tenant's spaces are allegedly at issue, and this information is not within the defendant's own knowledge.  The defendant should not be at peril and be required to answer allegations in a vacuum, without sufficient information upon which to base its defenses.

Without knowing which tenant's premise allegedly contains these deficiencies, the defendant does not know which of the numerous leases to refer to, and cannot fully understand its potential defenses and claims against third-parties not party to this litigation.  Additionally, there may be further defenses, as plaintiff may have failed to join indispensable parties to this litigation who must respond to plaintiff's allegations. Despite a review of all of their leases, and an inspection of all the tenant's spaces on the property, the defendant lacks sufficient facts, which were improperly omitted from the Complaint, essential for it to formulate and file an appropriate responsive pleading. Accordingly, this Court should order the plaintiff to identify the specific tenant and tenant space wherein the alleged deficiencies or barriers exist.

Furthermore, the plaintiff, in ¶¶14A through D complains of improper parking "designated as accessible," which presumably means designated as disabled accessible, due to "excessive slopes and cross slopes within the spaces." Plaintiff further alleges that there are other areas of excessive slopes in ¶¶B through D, on sidewalks and curbs, without specific reference to the area or location on the Property where these allegedly exist.

Again, rather than requiring the defendant to conduct an expedition, and measure all its slopes and ramps, it would be much simpler to just require the plaintiff to identify those areas in the Complaint, such that defendant can properly defend itself and respond to the allegations against it.  Without requiring plaintiff to identify where the alleged excessive slopes and other deficiencies in the parking area are found, the defendant can only deny for lack of sufficient information to justify a belief therein and then conduct expensive discovery to flush out plaintiff's claims.

Federal Rule of Civil Procedure 12, Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  That Rule further provides that such a motion "must point out the defects complained of and the details desired."  Defendant has satisfied this burden, and the detail that is requested is and should be easily within the knowledge of plaintiff.

**WHEREFORE**, defendant, All State Financial Company, respectfully moves this Honorable Court for entry of an Order requiring plaintiff make a more definite statement of the Complaint and provide the details requested so as to provide the defendant sufficient information, only within plaintiff's knowledge, upon which to base its responsive pleadings.

Respectfully submitted,

**HELLER, DRAPER,
PATRICK & HORN, L.L.C.**


s/Warren Horn
**WARREN HORN (#14380)**
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Telephone: (504) 299-3300
**ATTORNEYS FOR ALL STATE
FINANCIAL COMPANY, DEFENDANT**


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been forwarded to all counsel of record by either hand delivery, electronic mail, fax transmission or by depositing a copy of the same, properly addressed and First Class postage prepaid, in the United States Mail on this 12th day of January, 2012.


s/Warren Horn
**WARREN HORN**

322451.01                                                    6